```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION


ANNA L. BROWN,

                 Plaintiff,

vs.                                  Case No.  2:06-cv-249-FtM-29SPC

THE FLORIDA BAR,

                 Defendant.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss Amended Complaint (Doc. #9) filed on June 29, 2006. Plaintiff's Memorandum Opposing Motion to Dismiss (Doc. #15) was filed on August 4, 2006. Defendant's Motion for Leave to Reply was denied. Therefore, the Reply (Doc. #22) will not be reviewed and plaintiff's Motion to Strike (Doc. #24) will be denied as moot.

**I.**

Plaintiff, a licensed attorney and member of The Florida Bar, sues The Florida Bar for monetary damages for conduct relating to her prosecutions by The Florida Bar for alleged disciplinary violations. Plaintiff claims four violations of her equal protection rights under the Florida and United States Constitutions and 42 U.S. C. § 1983.

Count I alleges that The Florida Bar filed a complaint against plaintiff alleging she had violated three rules of professional

conduct by engaging in a conflict of interest in representing two particular clients. The complaint was ultimately dismissed by the state court, but the state court refused to award her attorney fees under prevailing Florida law. Plaintiff alleges that every administrative agency under the executive branch of the State of Florida is subject to an attorney fee award, under Fla. Stat. § 57.105, for bringing insubstantial claims against licensed professionals, and that The Florida Bar mirrors the administrative agencies in that it regulates and disciplines licensed attorneys. Plaintiff asserts that it violates equal protection to preclude all licensed Florida attorneys from obtaining an award of fees against The Florida Bar for its prosecution of unfounded allegations. Plaintiff further asserts that she should have been granted a fee award based on the non-meritorious allegations in her attorney disciplinary proceedings, and seeks damages as a result.

Count II alleges a violation of equal protection because The Florida Bar's scheme of lawyer discipline is different in kind from the scheme of discipline that the State of Florida employs regarding all other licensed professionals. Plaintiff asserts that the determination of probable cause by local grievance committees which include local attorneys who are fellow licensees and local market competitors taints the process and results in unequal treatment under law. Plaintiff seeks monetary damages.

Count III alleges that The Florida Bar's grievance committee found probable cause against her for nine rule violations for which

there was little or no basis and for an insubstantial and improper purpose based upon her race and gender. Plaintiff alleges that the grievance committee made credibility choices which were unsupportable, and she was compelled to appear before a grievance committee tainted by virtue of the membership of local attorneys. Plaintiff asserts that at the time she was the only black female attorney operating her own law practice in the Naples, Florida market, and The Florida Bar litigated the case extensively and unreasonably, including a trial, in order to cause plaintiff economic harm. Plaintiff asserts that The Florida Bar spurned plaintiff's reasonable offers to settle the case, and plaintiff closed her law office and quit the practice of law as a result. Plaintiff seeks monetary damages.

Count IV alleges that in a separate grievance proceeding, The Florida Bar conducted an evidentiary hearing at the committee level to determine probable cause and the committee found probable cause of a rule violation. Plaintiff asserts that a factually similar allegation against a white male attorney was summarily disposed of without an evidentiary hearing, and that plaintiff's hearing was held and probable cause was found for improper reasons because of her race and gender.

## II.

The motion to dismiss raises four issues, but only two merit discussion. The Florida Bar asserts that it is absolutely immune from liability for damages arising out of its actions in connection

with its disciplinary functions. Additionally, The Florida Bar asserts that the Eleventh Amendment to the United States Constitution bars an award of monetary damages against it.

**A.  Eleventh Amendment Immunity:**

The Eleventh Amendment precludes suits by citizens against their own States in federal court. Board of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001); Miccosukee Tribe of Indians of Fla. v. Florida State Athletic Comm'n, 226 F.3d 1226, 1231 (11th Cir. 2000). A "state" for Eleventh Amendment purposes includes, inter alia, certain actions against state instrumentalities. Vierling v. Celebrity Cruises, Inc., 339 F.3d 1309, 1314 (11th Cir. 2003)(citing Shands Teaching Hosp. & Clinics, Inc. v. Beech St. Corp., 208 F.3d 1308, 1311 (11th Cir. 2000)). Whether an entity is protected by Eleventh Amendment immunity turns on whether it is properly classified as an "arm of the State," which requires the Court to consider (1) how the state law defines the entity; (2) the degree of state control over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity. Williams v. District Bd. Of Trs. of Edison Cmty. Coll., Fla., 421 F.3d 1190, 1192 (11th Cir. 2005); Manders v. Lee, 338 F.3d 1304, 1309 (11th Cir. 2003)(*en banc*), cert. denied, 540 U.S. 1107 (2004).

Eleventh Amendment immunity applies unless Congress validly abrogates that immunity or the state waives the immunity and

consents to be sued.  Carr v. City of Florence, Ala., 916 F.2d 1521, 1524 (11th Cir. 1990).  It is well established that Congress did not intend to abrogate a state's Eleventh Amendment immunity in § 1983 damage suits.  Quern v. Jordan, 440 U.S. 332, 340-45 (1979); Williams v. Board of Regents of Univ. Sys., 441 F.3d 1287, 1303 (11th Cir. 2006); Cross v. Alabama Dep't of Mental Health & Mental Retardation, 49 F.3d 1490 (11th Cir. 1995).  Additionally, Florida has not waived its sovereign immunity or consented to be sued in damage suits brought pursuant to § 1983.  Gamble v. Florida Dep't of Health & Rehab. Serv., 779 F.2d 1509, 1513 (11th Cir. 1986); Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986); Schopler v. Bliss, 903 F.2d 1373, 1379 (11th Cir. 1990).  Further, Florida has not waived its Eleventh Amendment immunity from suit in federal court.  Fla. Stat. § 768.28(17).

The law is well settled that The Florida Bar is an arm of the state entitled to Eleventh Amendment protection.  Dacey v. The Florida Bar, 414 F.2d 195, 198 (5th Cir. 1969)[1]; Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993); Kaimowitz v. The Florida Bar, 996 F.2d 1151, 1155 (11th Cir. 1993); Geer v. Harkness, 134 Fed. Appx. 312, 314 n.2 (11th Cir. 2005).  The Court finds that The Florida bar is an arm of the State of Florida when regulating and engaging in the disciplinary process of attorneys licensed in the

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

State of Florida.  As such, the Eleventh Amendment divests the court of jurisdiction in this case.

Plaintiff's argument that her claims are not barred by the Eleventh Amendment because they must be deemed to include declaratory and injunctive relief is without merit.  First, the Amended Complaint cannot reasonably be read to include either declaratory or injunctive relief.  It clearly states that it "is an action at law and equity for damages exceeding $100,000" (Doc. #7, ¶ 4), and each "Wherefore" clause seeks monetary damages.  Nowhere is there any indication that injunctive or declaratory relief is sought.  Additionally, the Eleventh Amendment does apply to such equitable relief, with the narrow exception of prospective equitable relief.  E.g., Badillo v. Thorpe, 158 Fed. Appx. 208, 212 n.6 (11th Cir. 2005).

**B. Absolute Immunity:**

Even if the Eleventh Amendment were not applicable, the motion to dismiss would be granted.  As to the state law portion of the claims, Florida law is clear.  "The Florida Bar and its employees act as an official arm of the Florida Supreme Court and in such capacity enjoy absolute immunity for actions taken within the scope of their duties."  Kee v. Bailey, 634 So. 2d 654 (Fla. 3rd DCA 1994).  Similarly, The Florida Bar is absolutely immune for alleged violations of constitutional rights under § 1983.  Carroll, 984 F.2d at 393.  Additionally, States no longer need to rely exclusively on Eleventh Amendment immunity to avoid liability in §

1983 cases because <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58 (1989) "held that states and state officials acting in their official capacities are not 'persons' subject to liability under 42 U.S.C. § 1983." <u>Carr v. City of Florence, Ala.</u>, 916 F.2d at 1525 n.3.

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion to Dismiss Amended Complaint (Doc. #9) is **GRANTED** and the Amended Complaint (Doc. #7) is dismissed with prejudice.

2. Plaintiff's Motion to Strike (Doc. #24) is **DENIED** as moot.

3. The Clerk shall enter judgment in favor of defendant and against plaintiff, terminate all remaining deadlines and motions as moot, and close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __27th__ day of December, 2006.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
DCCD